UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| DAWN C. RUSSELL, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3: 12-41-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JANET CONOVER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Dawn C. Russell is currently confined at the Kentucky Correctional Institution for Women ("KCIW") in Pewee Valley, Kentucky.  Russell, proceeding without counsel, has submitted a habeas corpus petition pursuant to 28 U.S.C. § 2241.  [Record No. 1]  Because a § 2241 petition is not the proper manner of seeking the relief sought, the Court will deny her petition without prejudice.

On August 3, 2010, Russell was indicted for her participation in a counterfeit check writing scheme conducted in the Louisville area in 2008 and 2009.  Following her initial appearance and release on the federal charges, Russell was detained by state police on separate charges.  On December 21, 2010, the United States Marshals Service for the Western District of Kentucky obtained a writ of habeas corpus *ad prosequendum* to procure Russell's attendance at a January 5, 2011, status hearing in federal court.  On November 8, 2011, Russell pled guilty

-1-

to the charges and was sentenced to forty-one months in prison.  *United States v. Russell*, No. 3:10-cr-101-CRS (W.D. Ky. 2010).

Russell now alleges that, after the writ was issued, federal marshals altered it to account for her December 29, 2010, transfer from the Jefferson County Detention Center to KCIW. [Record No. 1-2, pp. 3-4]  Because this alteration was allegedly made by the marshals rather than the court, Russell contends that the writ was invalid and, therefore, that her conviction is void. [*Id.*, pp. 5-8]

The Court reviews habeas petitions filed under § 2241 to determine whether the petition and its exhibits establish viable grounds for relief.  28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  Because Russell is not represented by an attorney, the petition is reviewed under a lenient standard.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  At this stage, the Court accepts the petitioner's factual allegations as true and her legal claims are liberally construed in her favor.  *Id.*  However, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Having reviewed all relevant materials, the Court will Russell's petition because she may not pursue her claims under 28 U.S.C. § 2241.  As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction.  *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  The Sixth Circuit has explained the difference between the two habeas statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek
> to challenge their convictions or imposition of their sentence shall be filed in
> the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims
> seeking to challenge the execution or manner in which the sentence is served shall
> be filed in the court having jurisdiction over the prisoner's custodian under 28
> U.S.C. § 2241.

*Id.* (internal quotation marks omitted).

Despite this general rule, a federal prisoner may challenge her conviction under § 2241 rather than § 2255 under certain circumstances. A prisoner may bring a "§ 2241 action if § 2255 is 'inadequate or ineffective to test the legality of the detention.'" *Id.* However, the "[i]t is the petitioner's burden to establish that [her] remedy under § 2255 is inadequate or ineffective." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). In the present case, Russell has not established that her remedy under § 2255 would be inadequate or ineffective. As a result, her claims must be presented by a motion filed pursuant to 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001); *See Charles*, 180 F.3d at 757. Accordingly, it is hereby

**ORDERED** as follows:

1.      Petitioner Dawn C. Russell's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2.      Russell's motion to proceed *in forma pauperis* [Record No. 3] is **DENIED** as moot.

3.      Russell's motion to appoint counsel [Record No. 2] is **DENIED** as moot.

4.      This action is **DISMISSED**, without prejudice, and **STRICKEN** from the Court's docket.

-3-

This 19th day of June, 2012.



Signed By:

*__Danny C. Reeves__*

**United States District Judge**